UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN VINCENT KLEINE,<br><br>                            Plaintiff,<br><br>- against -<br><br>LONELY PLANET GLOBAL, INC.<br><br>                            Defendant. | Docket No. 1:17-cv-7867<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Jan Vincent Kleine ("Kleine" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Lonely Planet Global, Inc., ("Planet" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of a renowned Norwegian rock climber, Magnus Midtbo, dangling off of Troltunga, a famous rock formation in Norway, owned and registered by Kleine, a professional photographer. Accordingly, Kleine seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Kleine is a professional photographer in the business of licensing his photographs to online and print media for a fee, having a usual place of business at 3 Kastanienalle, Hamburg, Germany 20359.

6. Upon information and belief, Planet is a domestic business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 315 West 36th Street, 10th Floor, New York, New York 10018. At all times material hereto, Planet has owned and operated a website at the URL: www.LonelyPlanet.com (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

7. Kleine photographed renowned Norwegian rock climber, Magnus Midtbo, dangling off of Troltunga, a famous rock formation in Norway (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Kleine is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph has a pending United States Copyright Office application number of 1-5903116011. See Exhibit B.

**B. Defendant's Infringing Activities**

10. Planet ran an article on the Website entitled *See the Olympics live on giant screens at Rio's Boulevard Olimpico sites*. See https://www.lonelyplanet.com/news/2016/08/04/rio-screens-olympic-events-in-three-locations/. The article prominently featured the Photograph. A true and correct copy of the article and a screen shot of the Photograph on the article is attached hereto as Exhibit C.

11. The Photograph appears on Planet's computer servers.

12. The article is writer by a staff writer of Planet.

13. Planet did not license the Photograph from Plaintiff for its article, nor did Planet have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST PLANET)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Planet infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Planet is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Planet have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST PLANET
## (17 U.S.C. § 1202)

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. Upon information and belief, Plaintiff copied the Photograph from Magus Mitdtbo's Instagram account. See Exhibit D.

23. When the Photograph was published on Magus Mitdtbo's Instagram page it article contained copyright management information under 17 U.S.C. § 1202(b) identifying Kleine as the photographer of the Photograph.

24. Upon information and belief, in its article on the Website, Planet intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25. The conduct of Planet violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Planet falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Planet intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Planet also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

28. As a result of the wrongful conduct of Planet as alleged herein, Plaintiff is entitled to recover from Planet the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Planet because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Planet statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Planet be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Planet be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
October 12, 2017

LIEBOWITZ LAW FIRM, PLLC
By: /s/Richard Liebowitz
Richard P. Liebowitz

11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Jan Vincent Kleine*